<table>
<tr><td><strong>Fill in this information to identify the case:</strong></td></tr>
</table>

United States Bankruptcy Court for the:

Southern _____ District of ___New York___
                          (State)

Case number (*If known*): _____ Chapter 11

☐ Check if this is an amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    04/16

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | |
|---|---|
| 1. **Debtor's name** | San Luis Obispo Tribune, LLC |
| 2. **All other names debtor used in the last 8 years**<br>Include any assumed names, trade names, and *doing business as* names | The Tribune; The Cambrian; Vintages |
| 3. **Debtor's federal Employer Identification Number** (EIN) | 20-5001401 |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 2100 Q Street | |
| Number     Street | Number     Street |
| P.O. Box | P.O. Box |
| Sacramento   CA   95816 | |
| City     State     ZIP Code | City     State     ZIP Code |
| Sacramento County | **Location of principal assets, if different from principal place of business** |
| County | |
| | Number     Street |
| | P.O. Box |
| | City     State     Zip Code |

| | |
|---|---|
| 5. **Debtor's website** (URL) | https://www.mcclatchy.com |
| 6. **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br>☐ Partnership (excluding LLP)<br>☐ Other. Specify: _____ |

| Debtor | San Luis Obispo Tribune, LLC | Case number (if known) |
|---|---|---|
| | Name | |

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above.

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
See http://www.uscourts.gov/four-digit-national-association-naics-codes.
5   1   1   1

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check all that apply:*

    ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☒ A plan is being filed with this petition.

    ☒ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☒ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No

☐ Yes. District _____ When __ __ / __ __ / __ __ __ __  MM / DD / YYYY  Case number _____

District _____ When __ __ / __ __ / __ __ __ __  MM / DD / YYYY  Case number _____

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☒ Yes. Debtor  See Annex 1  Relationship  Affiliate

District  Southern District of New York  When  Date hereof  MM / DD / YYYY

Case number, if known _____

Debtor    San Luis Obispo Tribune, LLC
          Name
                                                      Case number (if known) _____

**11. Why is the case filed in *this district*?**    *Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** *(Check all that apply.)*

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
                          Number        Street
                          _____
                          _____
                          City                              State      ZIP Code

**Is the property insured?**

☐ No
☐ Yes. Insurance agency _____

Contact name _____

Phone _____

---

**Statistical and administrative information (Consolidated with debtor affiliates)**

**13. Debtor's estimation of available funds**    *Check one:*

☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

☐ 1-49            ☐ 1,000-5,000        ☐ 25,001-50,000
☐ 50-99           ☐ 5,001-10,000       ☐ 50,001-100,000
☐ 100-199         ☐ 10,001-25,000      ☒ More than 100,000
☐ 200-999

**15. Estimated assets**

☐ $0-$50,000          ☐ $1,000,001-$10 million       ☒ $500,000,001-$1 billion
☐ $50,001-$100,000    ☐ $10,000,001-$50 million      ☐ $1,000,000,001-$10 billion
☐ $100,001-$500,000   ☐ $50,000,001-$100 million     ☐ $10,000,000,001-$50 billion
☐ $500,001-$1 million ☐ $100,000,001-$500 million    ☐ More than $50 billion

| Debtor | San Luis Obispo Tribune, LLC | Case number (if known) |
|---|---|---|
| | Name | |

**16. Estimated liabilities**

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million
- ☐ $500,000,001-$1 billion
- ☒ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

---

### Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 2/13/2020
MM / DD / YYYY

**X** /s/ R. Elaine Lintecum                    R. Elaine Lintecum
Signature of authorized representative of debtor        Printed name

Title Vice President, Assistant Secretary and Treasurer

**18. Signature of attorney**

**X** /s/ Shana A. Elberg                    Date 2/13/2020
Signature of attorney for debtor                        MM / DD / YYYY

Shana A. Elberg
Printed name

Skadden, Arps, Slate, Meagher & Flom LLP
Firm name

Four Times Square

| | | |
|---|---|---|
| Number | Street | |

| New York | NY | 10036-6522 |
|---|---|---|
| City | State | Zip Code |

(212) 735-3000                    shana.elberg@skadden.com
Contact phone                        Email address

4052221                            NY
Bar number                        State

**<u>Annex 1</u>**

**SCHEDULE OF DEBTORS**

On the date hereof, each of the affiliated entities listed below (including the debtor in this chapter 11 case) filed in this Court a petition for relief under chapter 11 of title 11 of the United States Code. Substantially contemporaneously with the filing of these petitions, these entities filed a motion requesting that their respective chapter 11 cases be jointly administered for procedural purposes only.

| | Debtors | Employee Identification Number (EIN) |
|---|---|---|
| 1. | Cypress Media, Inc. | 37-0742453 |
| 2. | The McClatchy Company | 52-2080478 |
| 3. | Aboard Publishing, Inc. | 65-1051606 |
| 4. | Bellingham Herald Publishing, LLC | 59-0184700 |
| 5. | Belton Publishing Company, Inc. | 43-1412853 |
| 6. | Biscayne Bay Publishing, Inc. | 65-1051521 |
| 7. | Cass County Publishing Company | 43-0891076 |
| 8. | Columbus-Ledger Enquirer, Inc. | 58-0376130 |
| 9. | Cypress Media, LLC | 65-0764225 |
| 10. | East Coast Newspapers, Inc. | 68-0201685 |
| 11. | El Dorado Newspapers | 94-2605579 |
| 12. | Gulf Publishing Company, Inc. | 64-0469077 |
| 13. | Herald Custom Publishing of Mexico, S. de R.L. de C.V. | HCP001215UZ1 |
| 14. | HLB Newspapers, Inc. | 43-1675371 |
| 15. | Idaho Statesman Publishing, LLC | 59-0184700 |
| 16. | Keltatim Publishing Company, Inc. | 48-1161908 |
| 17. | Keynoter Publishing Company, Inc. | 59-0789679 |
| 18. | Lee's Summit Journal, Incorporated | 44-0534462 |
| 19. | Lexington H-L Services, Inc. | 61-0259090 |
| 20. | Macon Telegraph Publishing Company | 58-0333650 |
| 21. | Mail Advertising Corporation | 75-2588187 |
| 22. | McClatchy Big Valley, Inc. | 68-0307849 |
| 23. | McClatchy Interactive LLC | 56-0338580 |
| 24. | McClatchy Interactive West | 65-0683075 |
| 25 | McClatchy International Inc. | 65-0732198 |
| 26. | McClatchy Investment Company | 51-0274877 |
| 27. | McClatchy Management Services, Inc. | 52-2360846 |
| 28. | McClatchy Newspapers, Inc. | 94-0666175 |
| 29. | McClatchy News Services, Inc. | 38-2022755 |
| 30. | McClatchy Property, Inc. | 65-0789132 |
| 31. | McClatchy Resources, Inc. | 65-0891517 |
| 32. | McClatchy Shared Services, Inc. | 65-0651121 |
| 33. | McClatchy U.S.A., Inc. | 65-0732197 |

| | Debtors | Employee Identification Number (EIN) |
|---|---|---|
| 34. | Miami Herald Media Company | 20-5063905 |
| 35. | N & O Holdings, Inc. | 52-2360850 |
| 36. | Newsprint Ventures, Inc. | 68-0041100 |
| 37. | Nittany Printing and Publishing Company | 24-0676050 |
| 38. | Nor-Tex Publishing, Inc. | 75-1109443 |
| 39. | Olympian Publishing, LLC | 59-0184700 |
| 40. | Olympic-Cascade Publishing, Inc. | 68-0098889 |
| 41. | Pacific Northwest Publishing Company, Inc. | 59-0184700 |
| 42. | Quad County Publishing, Inc. | 37-1225856 |
| 43. | San Luis Obispo Tribune, LLC | 20-5001401 |
| 44. | Star-Telegram, Inc. | 26-2674582 |
| 45. | Tacoma News, Inc. | 68-0099037 |
| 46. | The Bradenton Herald, Inc. | 59-1487839 |
| 47. | The Charlotte Observer Publishing Company | 56-0612746 |
| 48. | The News and Observer Publishing Company | 56-0338580 |
| 49. | The State Media Company | 57-0477517 |
| 50. | The Sun Publishing Company, Inc. | 57-0564988 |
| 51. | Tribune Newsprint Company | 87-0415831 |
| 52. | Tru Measure, LLC | 65-0683075 |
| 53. | Wichita Eagle and Beacon Publishing Company, Inc. | 48-0571718 |
| 54. | Wingate Paper Company | 68-0068249 |

## SECRETARY'S CERTIFICATE

**February 12, 2020**

The undersigned, being the Secretary of Aboard Publishing, Inc., Bellingham Herald Publishing, LLC, Belton Publishing Company, Inc., Biscayne Bay Publishing, Inc., Cass County Publishing Company, Columbus-Ledger Enquirer, Inc., Cypress Media, Inc., Cypress Media, LLC, East Coast Newspapers, Inc., Gulf Publishing Company, Inc., HLB Newspapers, Inc., Idaho Statesman Publishing, LLC, Keltatim Publishing Company, Inc., Keynoter Publishing Company, Inc., Lee's Summit Journal, Incorporated, Lexington H-L Services, Inc., Macon Telegraph Publishing Company, Mail Advertising Corporation, McClatchy Interactive LLC, McClatchy Interactive West, McClatchy Investment Company, McClatchy Management Services, Inc., McClatchy Newspapers, Inc., McClatchy U.S.A., Inc., Miami Herald Media Company, Nittany Printing and Publishing Company, Nor-Tex Publishing, Inc., Olympian Publishing, LLC, Olympic-Cascade Publishing, Inc., Pacific Northwest Publishing Company, Inc., Quad County Publishing, Inc., San Luis Obispo Tribune, LLC, Star-Telegram, Inc., Tacoma News, Inc., The Bradenton Herald, Inc., The Charlotte Observer Publishing Company, The News and Observer Publishing Company, The State Media Company, The Sun Publishing Company, Inc., and Wichita Eagle and Beacon Publishing Company, Inc. (collectively, the "Companies"), does hereby certify as follows:

> Attached hereto as Annex A is a true, correct, and complete copy of the resolutions duly adopted by the governing body of each of the Companies by unanimous written consent on February 12, 2020 (the "Resolutions"), and such Resolutions have not been modified or rescinded in whole, in part, or in any respect and are in full force and effect.

IN WITNESS WHEREOF, the undersigned, in her capacity as Secretary of the Companies has duly executed and caused this certificate to be delivered as of February 12, 2020.

By: _/s/ Billie S. McConkey_
   Name: Billie S. McConkey
   Title: Secretary

<u>**ANNEX A**</u>

**ACTION BY
UNANIMOUS WRITTEN CONSENT OF
THE GOVERNING BODIES
OF
ABOARD PUBLISHING, INC., BELLINGHAM HERALD PUBLISHING, LLC,
BELTON PUBLISHING COMPANY, INC., BISCAYNE BAY PUBLISHING, INC., CASS
COUNTY PUBLISHING COMPANY, COLUMBUS-LEDGER ENQUIRER, INC.,
CYPRESS MEDIA, INC., CYPRESS MEDIA, LLC, EAST COAST NEWSPAPERS, INC.,
GULF PUBLISHING COMPANY, INC., HLB NEWSPAPERS, INC., IDAHO
STATESMAN PUBLISHING, LLC, KELTATIM PUBLISHING COMPANY, INC.,
KEYNOTER PUBLISHING COMPANY, INC., LEE'S SUMMIT JOURNAL,
INCORPORATED, LEXINGTON H-L SERVICES, INC., MACON TELEGRAPH
PUBLISHING COMPANY, MAIL ADVERTISING CORPORATION, MCCLATCHY
INTERACTIVE LLC, MCCLATCHY INTERACTIVE WEST, MCCLATCHY
INVESTMENT COMPANY, MCCLATCHY MANAGEMENT SERVICES, INC.,
MCCLATCHY NEWSPAPERS, INC., MCCLATCHY U.S.A., INC., MIAMI HERALD
MEDIA COMPANY, NITTANY PRINTING AND PUBLISHING COMPANY, NOR-TEX
PUBLISHING, INC., OLYMPIAN PUBLISHING, LLC, OLYMPIC-CASCADE
PUBLISHING, INC., PACIFIC NORTHWEST PUBLISHING COMPANY, INC., QUAD
COUNTY PUBLISHING, INC., SAN LUIS OBISPO TRIBUNE, LLC, STAR-
TELEGRAM, INC., TACOMA NEWS, INC., THE BRADENTON HERALD, INC., THE
CHARLOTTE OBSERVER PUBLISHING COMPANY, THE NEWS AND OBSERVER
PUBLISHING COMPANY, THE STATE MEDIA COMPANY, THE SUN PUBLISHING
COMPANY, INC., WICHITA EAGLE AND BEACON PUBLISHING COMPANY, INC.**

February 12, 2020

All of the members of the board of directors or the board of managers, the managing member, the sole member, the sole director or the sole manager, as the case may be (as applicable, the "<u>Governing Body</u>"), of each of the entities referenced above (each, a "<u>Company</u>" and collectively, the "<u>Companies</u>"), do hereby consent to, adopt, and approve, by written consent the following resolutions and each and every action effected thereby.

This consent may be executed in two or more counterparts, each of which shall constitute an original, and all of which shall constitute one and the same instrument.

WHEREAS, the Governing Body of each Company has reviewed and had the opportunity to ask questions about the materials presented by the management and the legal and financial advisors of such Company regarding the liabilities and liquidity of such Company, the strategic alternatives available to it and the impact of the foregoing on such Company's businesses;

WHEREAS, the Governing Body of each Company has had the opportunity to consult with the management and the legal and financial advisors of such Company to fully consider, and has considered, each of the strategic alternatives available to such Company; and

WHEREAS, each Governing Body desires to approve the following resolutions.

**I.**          **Chapter 11 Filing**

WHEREAS, the Governing Body of each Company has considered presentations by the management and the financial and legal advisors of such Company regarding the liabilities and liquidity situation of such Company, the strategic alternatives available to it and the effect of the foregoing on such Company's business, creditors, stakeholders and other parties in interest;

WHEREAS, the Governing Body of each Company has had the opportunity to consult with such Company's management and financial and legal advisors and fully consider each of the strategic alternatives available to such Company;

WHEREAS, the Governing Body of each Company, based on its review of all available alternatives and advice provided by such advisors and professionals, has determined that it is advisable and in the best interest of such Company and its stakeholders for such Company to take the actions specified in the following resolutions;

WHEREAS, the Governing Body of each Company has been presented with a proposed voluntary petition (the "Chapter 11 Petition") to be filed by such Company in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") seeking relief under the provisions of Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), in which the authority to operate as a debtor-in-possession will be sought;

WHEREAS, the Governing Body of each Company has had the opportunity to consult with the management and the legal and financial advisors of such Company regarding the material terms of the "first day" pleadings, applications, affidavits and other documents (collectively, the "Chapter 11 Filings") to be filed by such Company before the Bankruptcy Court in connection with the commencement of such Company's Chapter 11 case (the "Bankruptcy Case"); and

WHEREAS, the Governing Body of each Company, having considered the financial and operational aspects of such Company's business and the best course of action to maximize value, have determined that it is advisable and in the best interest of such Company, its creditors, stakeholders and other interested parties that the Chapter 11 Petition be filed by such Company seeking relief under the provisions of Chapter 11 of the Bankruptcy Code;

NOW, THEREFORE, BE IT RESOLVED, that in the judgment of the Governing Body of each Company, it is advisable and in the best interest of such Company, its creditors, stakeholders and other interested parties, that the Chapter 11 Petition and the Chapter 11 Filings be filed by such Company seeking relief under the provisions of Chapter 11 of the Bankruptcy Code, and the filing of such Chapter 11 Petition and Chapter 11 Filings is authorized hereby; and be it further

RESOLVED, that the officers of each Company (each, an "Officer" and, collectively, the "Officers") be, and each hereby is, authorized, empowered and directed, on behalf of and in the name of such Company, to execute and verify the Chapter 11 Petition and the Chapter 11 Filings in the name of such Company under Chapter 11 of the Bankruptcy Code

and to cause the same to be filed in the Bankruptcy Court in such form and at such time as the Officer(s) executing said Chapter 11 Petition and Chapter 11 Filings on behalf of such Company shall determine.

## II.    Plan of Reorganization and Disclosure Statement

WHEREAS, the Governing Body of each Company has had the opportunity to consult with the management and the legal and financial advisors of such Company regarding the material terms of a proposed plan of reorganization (the "Plan") pursuant to which such Company and certain of its affiliates would, among other things, implement a reorganization of such Company's liabilities and emerge from its Bankruptcy Case;

WHEREAS, the Governing Body of each Company has had the opportunity to consult with the management and the legal and financial advisors of such Company regarding the material terms of a proposed Disclosure Statement (the "Disclosure Statement") accompanying the Plan and the contents and disclosures thereof; and

WHEREAS, the Governing Body of each Company has determined that it is advisable and in the best interest of such Company, its creditors, stakeholders and other interested parties that such Company, in furtherance of a reorganization of such Company's liabilities and emergence from Chapter 11, file the Plan and the Disclosure Statement with the Bankruptcy Court and to solicit acceptances and approvals thereof;

NOW, THEREFORE, BE IT RESOLVED, that the Governing Body of each Company adopts, ratifies, confirms and approves the form, terms and provisions of, and each of the transactions contemplated by the Plan and the Disclosure Statement, as each may be amended or modified from time to time; and be it further

RESOLVED, that each Company's advisors be, and each hereby is, authorized, empowered and directed, on behalf of and in the name of such Company, to prepare, finalize and file, as appropriate, procedures for the solicitation and tabulation of votes to accept or reject the Plan and procedures for the selection of a Plan sponsor.

## III.        DIP Financing

WHEREAS, the Governing Body of each Company has determined that, in connection with the Bankruptcy Case, it is desirable and in the best interest of such Company, its creditors, stakeholders, and other interested parties to request that one or more potential financing sources provide such Company with post-petition debtor-in-possession financing, including, but not limited to, a revolving credit facility of $50,000,000 (collectively "DIP Financing"), subject to exceptions and limitations to be set forth in any orders of the Bankruptcy Court concerning any of the DIP Financing (the "DIP Financing Orders");

WHEREAS, the Governing Body of each Company has been presented with and has reviewed the terms and provisions of a definitive debtor-in-possession financing agreement (the "DIP Financing Agreement") by and among such Company and certain of its affiliates, as debtors-in-possession, and Encina Business Credit, LLC, as administrative agent (collectively, with any arranger and letter of credit issuer contemplated by the DIP Financing Agreement, the

"DIP Lenders") pursuant to which the DIP Lenders have agreed to provide such Company with DIP Financing, which provides for the borrowing and reborrowing of loans, guaranteeing of obligations, granting of security and the pledging of collateral;

WHEREAS, in connection with the DIP Financing Agreement, the DIP Lenders require that such Company grant security interests in substantially all of its assets that now or hereafter come into the possession, custody or control of such Company, in order to secure the prompt and complete payment, observance, and performance of all obligations under the DIP Financing Agreement, subject to exceptions and limitations to be set forth in DIP Financing Orders and related documents contemplated thereunder (collectively, the "DIP Documents");

WHEREAS, the Governing Body of each Company has determined that it is in the best interests of such Company, its creditors, stakeholders, and other interested parties, for such Company to (i) consummate the transactions contemplated by the DIP Financing Agreement provided to the Governing Body of such Company, and (ii) empower, authorize and direct the Officers to take any and all actions as may be deemed appropriate to effect and perform the transactions contemplated thereby.

NOW, THEREFORE, BE IT RESOLVED, that the form, terms and provisions of the DIP Financing Agreement are hereby, in all respects, authorized, ratified, approved and adopted by the Governing Body of such Company on behalf of such Company; and it be further

RESOLVED, that such Company be, and hereby is, authorized to incur and to undertake any and all related transactions contemplated under the DIP Financing Agreement and the DIP Documents; and it be further

RESOLVED, that such Company be, and hereby is, authorized to borrow and reborrow loans, guaranty obligations, grant security interests in collateral and pledge collateral pursuant to, and in accordance with, the DIP Documents; and it be further

RESOLVED, that the Officers be, and each of them hereby is, empowered, authorized and directed, with full power of delegation, on behalf of and in the name of such Company, to cause such Company to negotiate, execute and deliver the DIP Financing Agreement and the related documents contemplated thereby, in such form and with such changes or amendments (substantial or otherwise) thereto as any one or more of such Officers may deem necessary, desirable or appropriate, in order to consummate the transactions contemplated by the DIP Financing Agreement; and it be further

RESOLVED, that the Officers be, and each of them hereby is, empowered, authorized and directed, with full power of delegation, on behalf of and in the name of such Company, to take all such further actions which shall be necessary, proper or advisable to perform such Company's obligations under or in connection with the DIP Financing Agreement, the DIP Documents and the transactions contemplated therein, and to carry out fully the intent of the foregoing resolutions.

**IV**.                    **Distress Termination**

WHEREAS, in connection with the Bankruptcy Case, it is proposed that The McClatchy Company and certain of its debtor subsidiaries and affiliates that are in The McClatchy Company's controlled group within the meaning of the Employee Retirement Income Security Act of 1974, as amended ("ERISA") section 4001(a)(14), 29 U.S.C. § 1301(a)(14) (collectively, "ERISA Debtors"), submit a motion ("Motion") in the Bankruptcy Court for entry of an order (a) determining that the financial requirements for a distress termination of The McClatchy Company Retirement Plan ("Retirement Plan") under section 4041(c) of ERISA, 29 U.S.C. § 1342(c), are satisfied, (b) approving a distress termination of the Retirement Plan, and (c) granting such further relief as the Bankruptcy Court may deem just and proper;

WHEREAS, the Governing Body of each Company has determined that, in connection with the Bankruptcy Case, it is desirable and in the best interest of such Company, its creditors, stakeholders, and other interested parties that the ERISA Debtors submit the Motion;

NOW, THEREFORE, BE IT RESOLVED, that the Governing Body of such Company hereby approves and declares advisable the Motion, with any such changes and additions deemed necessary, appropriate or advisable by any Officers; and be it further

RESOLVED, that the Officers be, and each of them hereby is, empowered, authorized and directed, with full power of delegation, on behalf of and in the name of such Company, to take or cause to be taken all actions necessary, appropriate or advisable to submit the Motion in the Bankruptcy Court, and to take all such further actions which shall be necessary, proper or advisable to perform such Company's obligations under or in connection with the Motion and the actions contemplated therein, and to carry out fully the intent of the foregoing resolutions.

## V.        **Retention of Professionals**

RESOLVED, that the Officers be, and each hereby is empowered, authorized and directed, on behalf of and in the name of such Company, to continue to retain and employ the law firm of Skadden, Arps, Slate, Meagher & Flom LLP and its affiliates ("Skadden"), as general bankruptcy counsel, to represent and assist such Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance such Company's rights and obligations, including filing any motions, objections, replies, applications, or pleadings in the Bankruptcy Case and all other related matters in connection therewith, in such capacities and on such terms as the Officers of such Company, and each of them, may or shall approve and/or have previously approved; and be it further

RESOLVED, that the Officers be, and each hereby is empowered, authorized and directed, on behalf of and in the name of the Company, to continue to retain and employ the law firm of Togut, Segal & Segal LLP and its affiliates ("Togut"), as bankruptcy co-counsel, to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including filing any motions, objections, replies, applications, or pleadings in the Bankruptcy Case and all other related matters in connection therewith, in such capacities and on such terms as the Officers of the Company, and each of them, may or shall approve and/or have previously approved; and be it further

RESOLVED, that the Officers be, and each hereby is empowered, authorized and directed, on behalf of and in the name of such Company, to continue to retain and employ the Groom Law Group and its affiliates ("Groom"), as special counsel, to assist such Company with certain specified pension matters related to the Bankruptcy Case; and be it further

RESOLVED, that the Officers be, and each hereby is empowered, authorized and directed, on behalf of and in the name of such Company, to continue to retain (i) FTI Consulting, Inc. ("FTI") to serve as financial advisor and strategic communications advisor to such Company, (ii) Evercore Inc. ("Evercore") to provide investment banking services to such Company, and (iii) Kurtzman Carson Consultants LLC ("KCC") to provide consulting services to such Company regarding noticing, claims management and reconciliation, plan solicitation, balloting, disbursements, and any other services agreed to by the parties; and be it further

RESOLVED, that the Officers be, and each hereby is, empowered, authorized and directed, on behalf of and in the name of such Company, to continue the employment and retention of professionals in the ordinary course as long as they deem appropriate and in the Bankruptcy Case to retain and employ other attorneys, accountants, and other professionals to assist in such Company's Bankruptcy Case on such terms as are deemed necessary, appropriate or advisable; and be it further

RESOLVED, that the Officers be, and each hereby is, authorized and directed, on behalf of and in the name of such Company, to execute any appropriate engagement letters and agreements and such other documents necessary to retain or continue to retain Skadden, Togut, Groom, FTI, Evercore, KCC, and any other or additional financial advisors, investment bankers, accountants, auditors, advisors, legal counsel, and other professionals not specifically identified herein (the "Professionals"), and to cause such Company to pay appropriate retainers to such Professionals prior to the filing of the Bankruptcy Case or after to the extent appropriate and permitted in the Bankruptcy Case, and to cause to be filed appropriate applications or motions seeking authority to retain and pay for the services of such Professionals; and be it further

RESOLVED, that the Officers be, and each hereby is, authorized and directed, on behalf of and in the name of such Company, to pay, or cause to be paid, all fees and expenses incurred by such Company in connection with services rendered by the Professionals and to make, or cause to be made, all payments as they, or any of them individually, shall determine to be necessary, appropriate or advisable, such payment to be conclusive evidence of their determination; and be it further

## VI.        General

RESOLVED, that the Officers be, and each hereby is, authorized, empowered and directed, on behalf of and in the name of such Company, to amend, supplement or otherwise modify from time to time the terms of any documents, certificates, instruments, agreements, financing statements, notices, undertakings or other writings referred to in the foregoing resolutions; and be it further

RESOLVED, that the Officers be, and each hereby is, authorized, empowered and directed, on behalf of and in the name of such Company, to take or cause to be taken any and all

such further action and to execute, deliver, perform, verify and/or file, or cause to be executed, delivered, performed, verified and/or filed (or direct others to do so on its behalf as provided herein) all such further documents, agreements, instruments, financing statements, notices, undertakings, certificates, resolutions and other writings as they or any of them deem necessary, desirable or appropriate to effectuate the purpose and intent of any and all of the foregoing resolutions, the necessity, desirability, and appropriateness of which shall be conclusively evidenced by the action in support thereof, or the execution and delivery thereof, by such Officer (or such persons directed by such Officers); and be it further

RESOLVED, that all acts lawfully done or actions lawfully taken by any Officer to seek relief on behalf of such Company under Chapter 11 of the Bankruptcy Code, or in connection with the Bankruptcy Case, or any matter related thereto, be, and hereby are, adopted, ratified, confirmed and approved in all respects as the acts and deeds of such Company in all respects by the Governing Body of such Company; and be it further

RESOLVED, that all acts lawfully done or actions lawfully taken by any Officer, or by any employees or agents of such Company, on or before the date hereof in connection with the transactions contemplated by the foregoing resolutions be, and hereby are, authorized, adopted, ratified, confirmed and approved in all respects by the Governing Body of such Company; and be it further

RESOLVED, that the omission from these resolutions of any agreement, document or other arrangement contemplated by any of the agreements, instruments, filings or other documents described in the foregoing resolutions or any action to be taken in accordance with any requirement of any of the agreements, instruments, filings or other documents described in the foregoing resolutions shall in no manner derogate from the authority of the Officers to take all actions necessary, appropriate or advisable to consummate, effectuate, carry out or further the transaction contemplated by, and the intent and purposes of, the foregoing resolutions, the necessity, appropriateness, and advisability, of which shall be conclusively evidenced by the execution and delivery thereof, or action in support thereof, by such Officer; and be it further

RESOLVED, that the Governing Body of such Company has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of such Company, or hereby waive any right to have received such notice; and be it further

RESOLVED, that the Officers be, and each hereby is, authorized, empowered and directed, on behalf of and in the name of such Company, to execute, deliver, perform, verify and/or file, or cause to be executed, delivered, performed, verified and/or filed (or direct others to do so on their behalf as provided herein) all necessary documents, including, without limitation, all petitions, affidavits, statements, schedules, motions, lists, applications, pleadings, other papers, guarantees, reaffirmations, additional security documents, control agreements, waivers of or amendments to existing documents, and to negotiate the forms, terms and provisions of, and to execute and deliver any amendments, modifications, waivers or consent to any of the foregoing as may be approved by any Officer, which amendments, modifications, waivers or consents may provide for consent payments, fees or other amounts payable or other modifications of or relief under such agreements or documents, the purpose of such amendments,

8

modifications, waivers or consents being to facilitate consummation of the transactions contemplated by the foregoing resolutions or for any other purpose, and, in connection with the foregoing, to employ and retain all assistance by legal counsel, investment bankers, accountants, restructuring professionals or other professionals, and to take any and all action which such Officer or Officers deem necessary, appropriate or advisable in connection with the Bankruptcy Case, the Plan and the Disclosure Statement, with a view to the successful prosecution of the Bankruptcy Case contemplated by the foregoing resolutions and the successful consummation of the transactions contemplated by the foregoing resolutions including, without limitation, any action necessary, appropriate, or advisable to maintain the ordinary course operation of such Company's business; and be it further

RESOLVED, that the Officers be, and each hereby is, authorized, empowered and directed, on behalf of and in the name of such Company, to execute, deliver and perform any and all special powers of attorney as such Officer may deem necessary, appropriate or advisable to facilitate consummation of the transactions contemplated by the foregoing resolutions, pursuant to which such Officer will make certain appointments of attorneys to facilitate consummation of the transactions contemplated by the foregoing resolutions as such Company's true and lawful attorneys and authorize each such attorney to execute and deliver any and all documents of whatsoever nature and description that may be necessary, appropriate or advisable to facilitate consummation of the transactions contemplated by the foregoing resolutions.

***

**Consolidated List of the Holders of the Debtors' 30 Largest Unsecured Claims**

Pursuant to Local Bankruptcy Rule 1007-2(a)(4) set forth below is a list of creditors holding the thirty (30) largest unsecured claims against The McClatchy Company, *et al*., (collectively, the "**Debtors**"), as of approximately February 12, 2020. This list has been prepared on a consolidated basis, based upon the books and records of the Debtors. The information presented in the list below shall not constitute an admission by, nor is it binding on, the Debtors.

This List of Creditors does not include (a) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101 or (b) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total Claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 1. Pension Benefit Guaranty Corporation Attn: Accounts Payable 1200 K Street NW 12th Floor Washington, DC 20005 | | | | $530,352,623 | | |
| 2. Bank of New York Mellon One Wall Street New York, NY 10286 | | | | $14,900,000 | | |
| 3. Gannett Supply Corporation 7950 Jones Branch Drive McLean, VA 22107 | | | | $1,646,978 | | |
| 4. Wipro Limited 2 Tower Center Blvd East Brunswick, NJ 08816 | ruchika.aggarwal@wipro.com | | | $1,439,122 | | |
| 5. Google Inc 1600 Amphitheater Parkway Mountain View, CA 94043 | legal-notices@google.com | | | $800,000 | | |
| 6. Dallas Morning News 508 Young Street Dallas, TX 75202 | cgarrett@dmnmedia.com | | | $669,851 | | |
| 7. Endava Inc 757 3rd Ave Suite 1901 New York, NY 10017 | accounts.receivable@endava.com | | | $664,818 | | |
| 8. Alorica Inc 400 Horsham Road Ste 130 Horsham, PA 19044 | MarkAlWaren.Gamboa@alorica.com | | | $541,490 | | |
| 9. Andrew Distribution Inc PO Box 1099 Melrose Park, IL 60161 | Fax: (630) 839-0424 | | | $495,055 | | |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total Claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 10. Simpli Fi Holdings Inc<br><br>3003 Tasman Dr<br>Santa Clara, CA 95054 | receivables@simpli.fi | | | $490,000 | | |
| 11. Brightcove Inc<br><br>290 Congress Street<br>Boston, MA 02210 | | | | $294,044 | | |
| 12. Facebook Inc<br><br>315 Montgomery Street<br>San Francisco, CA 94104 | ar@fb.com | | | $257,713 | | |
| 13. Adobe Systems, Inc<br><br>560 Mission St Floor 5<br>San Francisco, CA 94105 | remittance@adobe.com | | | $232,766 | | |
| 14. LinkedIn Corporation<br><br>2029 Stierlin Court<br>Mountain View, CA 94043 | | | | $230,385 | | |
| 15. Dow Jones And Co Inc<br><br>4300 US Rt. 1 North<br>Monmouth Junction, NJ 08852 | | | | $191,835 | | |
| 16. Times News<br><br>C/O Lee Advertising<br>PO Box 4690<br>Carol Stream, IL 60197 | Fax: (319) 291-4014 | | | $155,943 | | |
| 17. Bulkley Dunton Publishing Group<br><br>613 Main Street<br>Wilmington, MA 1887 | | | | $144,985 | | |
| 18. Gary Pruitt<br><br>101 Warren Street #1110<br>New York, NY 10007 | | | | $127,962 | | |
| 19. Johnson Controls<br><br>4415 Sea Ray Dr<br>Charleston, SC 29405 | | | | $126,440 | | |
| 20. Infosys BPM<br><br>6100 Tennyson Parkway Suite 200<br>Plano, TX 75024 | | | | $107,537 | | |
| 21. Jobvite Inc<br><br>1300 S El Camino Real #400<br>San Mateo, CA 94402 | | | | $106,981 | | |
| 22. Solo Printing Inc<br><br>7860 NW 66th St<br>Miami, FL 33166 | | | | $103,332 | | |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total Claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 23. | Tribune Direct<br><br>435 N Michigan Ave<br>Chicago, IL 60611 | | | | $102,084 | | |
| 24. | Datamatics Technologies<br><br>31572 Industrial Road Ste 100<br>Livonia, MI 48150 | | | | $101,500 | | |
| 25. | Adswerve, Inc<br><br>999 18th Street Ste 1555N<br>Denver, CO 80202 | | | | $100,000 | | |
| 26. | Site Impact LLC<br><br>6119 Lyons Road<br>Coconut Creek, FL 33073 | | | | $100,000 | | |
| 27. | Socialflow Inc<br><br>52 Vanderbilt Ave 12th Floor<br>New York, NY 10017 | | | | $100,000 | | |
| 28. | Ryder Integrated Logistics<br><br>24610 Network Place<br>Chicago, IL 60673 | | | | $99,599 | | |
| 29. | USA Today<br><br>PO Box 677460<br>Dallas, TX 75267 | | | | $98,865 | | |
| 30. | Solutions Through Software Inc<br><br>2295 S Hiawassee Rd Ste 208<br>Orlando, FL 32835 | | | | $98,344 | | |

SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
Shana A. Elberg
Bram A. Strochlic
Four Times Square
New York, New York 10036-6522
Telephone: (212) 735-3000
Fax: (212) 735-2000

– and –

Van C. Durrer, II
Destiny N. Almogue (*pro hac vice* pending)
300 South Grand Avenue, Suite 3400
Los Angeles, California 90071-3144
Telephone: (213) 687-5000
Fax: (213) 687-5600

– and –

Jennifer Madden (*pro hac vice* pending)
525 University Avenue
Palo Alto, California 94301
Telephone: (650) 470-4500
Fax: (650) 470-4570

*Proposed Counsel for Debtors and Debtors in Possession*

TOGUT, SEGAL & SEGAL LLP
Albert Togut
Kyle J. Ortiz
Amy Oden
One Penn Plaza, Suite 3335
New York, New York 10119
Telephone: (212) 594-5000
Fax: (212) 967-4258


# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------- x
                                                            :
*In re*                                                     :    **Chapter 11**
                                                            :
**THE McCLATCHY COMPANY,** *et al.*,                        :    **Case No. 20-_____ (___)**
                                                            :
            **Debtors.**[1]                                 :    **(Joint Administration Pending)**
                                                            :
----------------------------------------------------------- x

---

[1]    The last four digits of Debtor The McClatchy Company's tax identification number are 0478. Due to the large number of debtor entities in these chapter 11 cases, for which the Debtors have requested joint administration, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at http://www.kccllc.net/McClatchy. The location of the Debtors' service address for purposes of these chapter 11 cases is: 2100 Q Street, Sacramento, California 95816.

## CONSOLIDATED CORPORATE OWNERSHIP STATEMENT

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure and Rule 1007-3 of the Local Bankruptcy Rules for the Southern District of New York, The McClatchy Company and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), respectfully represent:

1.      The McClatchy Company is a publicly traded corporation.  Chatham Asset Management owns 23.37% of the corporation's Class A common stock; Bluestone Financial Ltd owns 14.11%; Omega Advisors, Inc. owns 8.01%; Bestinver Gestión, S.G.I.I.C. owns 5.59%; and Leon G. Cooperman owns 5.53%.[2]  Kevin McClatchy owns 53.33% of the corporation's Class B common shares; William McClatchy owns 53.15%; Theodore Mitchell owns 51.48%; Molly Maloney Evangelisti owns 18.65%; and all executive officers and directors as a group (17 persons) own 77.38%.[3]

2.      The McClatchy Company owns 100% of the equity interests in the following Debtors: Cypress Media, Inc.; Biscayne Bay Publishing Inc.; Columbus Ledger-Enquirer; Gulf Publishing Company, Inc.; Keynoter Publishing Company; Lexington H-L Services, Inc.; Macon Telegraph Publishing Company; McClatchy Interactive West; McClatchy Investment Company; McClatchy Newspapers, Inc.; McClatchy News Services, Inc.; McClatchy Property, Inc.; McClatchy Resources, Inc.; McClatchy Shared Services, Inc.; Miami Herald Media Company; Nittany Printing and Publishing Co.; Pacific Northwest Publishing Company, Inc.; San Luis Obispo Tribune, LLC.; The Bradenton Herald, Inc.; The Charlotte Observer Publishing Company; The State Media Company; The Sun Publishing Company, Inc.; Tribune Newsprint Company; and Wichita Eagle and Beacon Publishing Company, Inc.

---

[2]      As of February 12, 2020.
[3]      As of February 12, 2020.

3.      The McClatchy Company owns 66.66% of the equity interests in Debtor McClatchy International Inc.

4.      McClatchy Newspapers, Inc. owns 60.90% of the equity interests in Debtor McClatchy Management Services, Inc.; N & O Holdings, Inc. owns 22.50%; Tacoma News, Inc. owns 8.90%; East Coast Newspapers, Inc. owns 5.30%; McClatchy Big Valley, Inc. owns 1.70%; and Olympic Cascade Publishing, Inc. owns 0.70%.

5.      McClatchy International Inc. owns 100% of the equity interests in Debtor McClatchy U.S.A., Inc.

6.      McClatchy Newspapers, Inc. owns 100% of the equity interests in Debtors East Coast Newspapers, Inc.; El Dorado Newspapers; McClatchy Big Valley, Inc.; Newsprint Ventures, Inc.; Olympic-Cascade Publishing, Inc.; Tacoma News, Inc.; and The News and Observer Publishing Co.

7.      McClatchy Management Services, Inc. owns 100% of the equity interests in Debtor McClatchy Interactive LLC.

8.      Biscayne Publishing Inc. owns 100% of the equity interests in Debtor Aboard Publishing, Inc.

9.      Biscayne Publishing Inc. owns 99% of the equity interests in Debtor Herald Custom Publishing of Mexico, S. de R.L. de C.V.; Aboard Publishing, Inc. owns 1%.

10.     Pacific Northwest Publishing Company, Inc. owns 100% of the equity interests in the following Debtors: Bellingham Herald Publishing, LLC; Idaho Statesman Publishing, LLC; and Olympian Publishing, LLC.

11.     Cypress Media, Inc. owns 100% of the equity interests in Debtor Cypress Media, LLC.

12.    Cypress Media, LLC owns 100% of the equity interests in the following Debtors: HLB Newspapers, Inc.; Keltatim Publishing Co., Inc.; Mail Advertising Corp.; Nor-Tex Publishing, Inc.; Quad County Publishing, Inc.; and Star-Telegram Inc.

13.    HLB Newspapers, Inc. owns 100% of the equity interests in the following Debtors: Belton Publishing Co., Inc.; Cass County Publishing Co.; and Lee's Summit Journal, Inc.

14.    Newsprint Ventures, Inc. owns 100% of the equity interests in Debtor Wingate Paper Company.

15.    The News and Observer Publishing Co. owns 100% of the equity interests in Debtor N & O Holdings, Inc.

16.    McClatchy Interactive West owns 100% of the equity interests in Debtor Tru Measure, LLC.


*[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]*

1827535-NYCSR03A - MSW

| | |
|---|---|
| **Fill in this information to identify the case:** | |
| Debtor name __The McClatchy Company__ | |
| United States Bankruptcy Court for the: __Southern__ District of __New York__ (State) | ☐ Check if this is an amended filing |
| Case number (If known): _____ | |

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors

**12/15**

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents.  This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

**WARNING – Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

 I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐    *Schedule A/B: Assets-Real and Personal Property* (Official Form 206A/B)

☐    *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐    *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐    *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐    *Schedule H: Codebtors* (Official Form 206H)

☐    *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐    *Amended Schedule* _____

☒    *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☒    Other document that requires a declaration   __Consolidated Corporate Ownership Statement__ .

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __02/13/2020__          **x** __/s/ R. Elaine Lintecum__
                                  Signature of individual signing on behalf of debtor

                                  __R. Elaine Lintecum__

                                  Printed name
                                  __Authorized Signatory__
                                  Position or relationship to debtor

# United States Bankruptcy Court
## Southern District of New York

In re:  The McClatchy Company _____     Case No. _____
                              Debtor(s)

                                              Chapter ____11_____

## CONSOLIDATED LIST OF EQUITY SECURITY HOLDERS PURSUANT TO RULE 1007(a)(3) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

| Debtor | Equity Holder | Percentage of Ownership | Last Known Address of Equity Holder |
|---|---|---|---|
| Cypress Media, Inc. | The McClatchy Company | 100.000% | 2100 Q Street Sacramento, California 95816 |
| Aboard Publishing, Inc. | Biscayne Bay Publishing, Inc. | 100.000% | 2100 Q Street Sacramento, California 95816 |
| Bellingham Herald Publishing, LLC | Pacific Northwest Publishing Company, Inc. | 100.000% | 2100 Q Street Sacramento, California 95816 |
| Belton Publishing Company, Inc. | HLB Newspapers, Inc. | 100.000% | 2100 Q Street Sacramento, California 95816 |
| Biscayne Bay Publishing, Inc. | The McClatchy Company | 100.000% | 2100 Q Street Sacramento, California 95816 |
| Cass County Publishing Company | HLB Newspapers, Inc. | 100.000% | 2100 Q Street Sacramento, California 95816 |
| Columbus Ledger Enquirer, Inc. | The McClatchy Company | 100.000% | 2100 Q Street Sacramento, California 95816 |
| Cypress Media, LLC | Cypress Media, Inc. | 100.000% | 2100 Q Street Sacramento, California 95816 |
| East Coast Newspapers, Inc. | McClatchy Newspapers, Inc. | 100.000% | 2100 Q Street Sacramento, California 95816 |
| El Dorado Newspapers | McClatchy Newspapers, Inc. | 100.000% | 2100 Q Street Sacramento, California 95816 |
| Gulf Publishing Company, Inc. | The McClatchy Company | 100.000% | 2100 Q Street Sacramento, California 95816 |
| Herald Custom Publishing of Mexico, S. de R.L. de C.V. | Biscayne Bay Publishing, Inc. | 99.000% | 2100 Q Street Sacramento, California 95816 |
| | Aboard Publishing, Inc. | 1.000% | 2100 Q Street Sacramento, California 95816 |
| HLB Newspapers, Inc. | Cypress Media, LLC | 100.000% | 2100 Q Street Sacramento, California 95816 |
| Idaho Statesman Publishing, LLC | Pacific Northwest Publishing Company, Inc. | 100.000% | 2100 Q Street Sacramento, California 95816 |
| Keltatim Publishing Company, Inc. | Cypress Media, LLC | 100.000% | 2100 Q Street Sacramento, California 95816 |
| Keynoter Publishing Company, Inc. | The McClatchy Company | 100.000% | 2100 Q Street Sacramento, California 95816 |
| Lee's Summit Journal, Incorporated | HLB Newspapers, Inc. | 100.000% | 2100 Q Street Sacramento, California 95816 |
| Lexington H-L Services, Inc. | The McClatchy Company | 100.000% | 2100 Q Street Sacramento, California 95816 |

| Debtor | Equity Holder | Percentage of Ownership | Last Known Address of Equity Holder |
|---|---|---|---|
| Macon Telegraph Publishing Company | The McClatchy Company | 100.000% | 2100 Q Street Sacramento, California 95816 |
| Mail Adverstising Corporation | Cypress Media, LLC | 100.000% | 2100 Q Street Sacramento, California 95816 |
| McClatchy Big Valley, Inc. | McClatchy Newspapers, Inc. | 100.000% | 2100 Q Street Sacramento, California 95816 |
| McClatchy Interactive LLC | McClatchy Management Services, Inc. | 100.000% | 2100 Q Street Sacramento, California 95816 |
| McClatchy Interactive West | The McClatchy Company | 100.000% | 2100 Q Street Sacramento, California 95816 |
| McClatchy International Inc. | The McClatchy Company | 66.664% | 2100 Q Street Sacramento, California 95816 |
| | The Charlotte Observer Publishing Company | 9.877% | 2100 Q Street Sacramento, California 95816 |
| | The State Media Company | 4.938% | 2100 Q Street Sacramento, California 95816 |
| | Lexington H-L Services, Inc. | 3.704% | 2100 Q Street Sacramento, California 95816 |
| | Wichita Eagle and Beacon Publishing Company, Inc. | 3.704% | 2100 Q Street Sacramento, California 95816 |
| | Macon Telegraph Publishing Company | 2.469% | 2100 Q Street Sacramento, California 95816 |
| | Pacific Northwest Publishing Company, Inc. | 2.469% | 2100 Q Street Sacramento, California 95816 |
| | The Bradenton Herald, Inc. | 1.235% | 2100 Q Street Sacramento, California 95816 |
| | Gulf Publishing Company, Inc. | 1.235% | 2100 Q Street Sacramento, California 95816 |
| | Columbus Ledger Enquirer, Inc. | 1.235% | 2100 Q Street Sacramento, California 95816 |
| | Nittany Printing and Publishing Company | 1.235% | 2100 Q Street Sacramento, California 95816 |
| | The Sun Publishing Company, Inc. | 1.235% | 2100 Q Street Sacramento, California 95816 |
| McClatchy Investment Company | The McClatchy Company | 100.000% | 2100 Q Street Sacramento, California 95816 |
| McClatchy Management Services, Inc. | McClatchy Newspapers, Inc. | 60.900% | 2100 Q Street Sacramento, California 95816 |
| | N & O Holdings, Inc. | 22.500% | 2100 Q Street Sacramento, California 95816 |
| | Tacoma News, Inc. | 8.900% | 2100 Q Street Sacramento, California 95816 |
| | East Coast Newspapers, Inc. | 5.300% | 2100 Q Street Sacramento, California 95816 |
| | McClatchy Big Valley, Inc. | 1.700% | 2100 Q Street Sacramento, California 95816 |
| | Olympic-Cascade Publishig, Inc. | 0.700% | 2100 Q Street Sacramento, California 95816 |

| Debtor | Equity Holder | Percentage of Ownership | Last Known Address of Equity Holder |
|---|---|---|---|
| McClatchy News Services, Inc. | The McClatchy Company | 100.000% | 2100 Q Street Sacramento, California 95816 |
| McClatchy Newspapers, Inc. | The McClatchy Company | 100.000% | 2100 Q Street Sacramento, California 95816 |
| McClatchy Property, Inc. | The McClatchy Company | 100.000% | 2100 Q Street Sacramento, California 95816 |
| McClatchy Resources, Inc. | The McClatchy Company | 100.000% | 2100 Q Street Sacramento, California 95816 |
| McClatchy Shared Services, Inc. | The McClatchy Company | 100.000% | 2100 Q Street Sacramento, California 95816 |
| McClatchy U.S.A., Inc. | McClatchy International, Inc. | 100.000% | 2100 Q Street Sacramento, California 95816 |
| Miami Herald Media Company | The McClatchy Company | 100.000% | 2100 Q Street Sacramento, California 95816 |
| N & O Holdings, Inc. | The News and Observer Publishing Company | 100.000% | 2100 Q Street Sacramento, California 95816 |
| Newsprint Ventures, Inc. | McClatchy Newspapers, Inc. | 100.000% | 2100 Q Street Sacramento, California 95816 |
| Nittany Printing and Publishing Company | The McClatchy Company | 100.000% | 2100 Q Street Sacramento, California 95816 |
| Nor-Tex Publishing, Inc. | Cypress Media, LLC | 100.000% | 2100 Q Street Sacramento, California 95816 |
| Olympian Publishing, LLC | Pacific Northwest Publishing Company, Inc. | 100.000% | 2100 Q Street Sacramento, California 95816 |
| Olympic-Cascade Publishig, Inc. | McClatchy Newspapers, Inc. | 100.000% | 2100 Q Street Sacramento, California 95816 |
| Pacific Northwest Publishing Company, Inc. | The McClatchy Company | 100.000% | 2100 Q Street Sacramento, California 95816 |
| Quad County Publishing, Inc. | Cypress Media, LLC | 100.000% | 2100 Q Street Sacramento, California 95816 |
| San Luis Obispo Tribune, LLC | The McClatchy Company | 100.000% | 2100 Q Street Sacramento, California 95816 |
| Star-Telegram, Inc. | Cypress Media, LLC | 100.000% | 2100 Q Street Sacramento, California 95816 |
| Tacoma News, Inc. | McClatchy Newspapers, Inc. | 100.000% | 2100 Q Street Sacramento, California 95816 |
| The Bradenton Herald, Inc. | The McClatchy Company | 100.000% | 2100 Q Street Sacramento, California 95816 |
| The Charlotte Observer Publishing Company | The McClatchy Company | 100.000% | 2100 Q Street Sacramento, California 95816 |
| The News and Observer Publishing Company | McClatchy Newspapers, Inc. | 100.000% | 2100 Q Street Sacramento, California 95816 |
| The State Media Company | The McClatchy Company | 100.000% | 2100 Q Street Sacramento, California 95816 |
| The Sun Publishing Company, Inc. | The McClatchy Company | 100.000% | 2100 Q Street Sacramento, California 95816 |
| Tribune Newsprint Company | The McClatchy Company | 100.000% | 2100 Q Street Sacramento, California 95816 |

| Debtor | Equity Holder | Percentage of Ownership | Last Known Address of Equity Holder |
|---|---|---|---|
| Tru Measure, LLC | McClatchy Interactive West | 100.000% | 2100 Q Street Sacramento, California 95816 |
| Wichita Eagle and Beacon Publishing Company, Inc. | The McClatchy Company | 100.000% | 2100 Q Street Sacramento, California 95816 |
| Wingate Paper Company | Newsprint Ventures, Inc. | 100.000% | 2100 Q Street Sacramento, California 95816 |

# The McClatchy Company (DE)



**McClatchy Newspapers, Inc.** (DE)
*The Fresno Bee, The Modesto Bee, The Sacramento Bee, Vida En El Valle Tri-City Herald, Wine Press Northwest, Livingston Chronicle, Atwater Signal, Merced Sun-Star, Los Banos Enterprise, Chowchilla News, Sierra Star, M.V.P.*

**McClatchy Management Services, Inc.** (DE) A

**McClatchy Interactive LLC** (DE)

**McClatchy International Inc.** (DE) (i)
66.664%

**McClatchy U.S.A, Inc.** (DE)

**Biscayne Bay Publishing Inc.** (FL)

**Olympic-Cascade Publishing, Inc.** (WA)
*The Herald, The Peninsula Gateway*

**Tacoma News, Inc.** (WA)
*The News Tribune*

**McClatchy Big Valley, Inc.** (CA)
*Mahoning Matters*

**El Dorado Newspapers** (CA)

**Aboard Publishing, Inc.** (FL)
*HCP Media*
1%

**Herald Custom Publishing of Mexico, S. de R.L. de C.V.** (MEX)
**(Note 1)**
99%

**N & O Holdings, Inc.** (DE)

**The News & Observer Publishing Co.** (NC)
*The Herald-Sun, The Insider, The News & Observer, Walter, Nando Media Company*

**East Coast Newspapers, Inc.** (SC)
*The Beaufort Gazette, The Herald, Fort Mill Times, The Island Packet, The Island  Packet, Lowcountry Newspapers, The Bluffton Packet*

**Tribune Newsprint Company** (UT)
13.5%

**Newsprint Ventures, Inc.** (CA)
10%

**Ponderay Newsprint Company** (WA)
3.5%

**Wingate Paper Company** (DE)

**McClatchy Shared Services, Inc.** (FL)
*McClatchy, Excelerate, McClatchy New Ventures Lab, McClatchy Studios, Creative Lab*

**McClatchy Resources, Inc.** (FL)

**Keynoter Publishing Company, Inc.** (FL)
*flkeysnews.com*

**McClatchy Property, Inc.** (FL)

**McClatchy Investment Company** (DE)

**Miami Herald Media Company** (DE)
*The Miami Herald , El Nuevo Herald, Indulge*

**Macon Telegraph Publishing Company** (GA) *The Telegraph, The Sun News*

**Columbus-Ledger Enquirer, Inc.** (GA) *Columbus Ledger-Enquirer, Ledger-Enquirer*

**Gulf Publishing Company, Inc.** (MS)
*Sun Herald*

**The Bradenton Herald, Inc.** (FL)
*The Bradenton Herald*

**The Sun Publishing Company, Inc.** (SC)
*The Sun News*

**Nittany Printing and Publishing Company** (PA)
*Centre Daily Times*

**The State Media Company** (SC)
*The State*

**The Charlotte Observer Publishing Company** (NC)
*The Charlotte Observer, Lake Norman Magazine, Carolina Bridge, Living Here*

**Wichita Eagle And Beacon Publishing Company, Inc.** (KS)
*The Wichita Eagle*

**Pacific Northwest Publishing Company, Inc.** (FL)

**Idaho Statesman Publishing, LLC** (DE)  *The Idaho Statesman, Idaho Outdoors*

**Bellingham Herald Publishing, LLC** (DE) *The Bellingham Herald*

**Olympian Publishing, LLC** (DE) *The Olympian*

**Lexington H-L Services, Inc.** (KY)
*Lexington Herald-Leader*

**San Luis Obispo Tribune, LLC** (DE)
*The Tribune, The Cambrian, Vintages*

**McClatchy News Services, Inc.** (MI)

**McClatchy Interactive West** (DE)
*McClatchy New Ventures Fund*

**Tru Measure, LLC** (DE)

**Cypress Media, Inc.** (NY)

**Cypress Media, LLC** (DE)
*Kansas City Star, Grand Communications, Kansas City Spaces, KC Weddings, Belleville News-Democrat, Highland News Leader, The Legal Reporter, O'Fallon Progress, Middle of the Map Fest*

**Oak Street Redevelopment Company/Non-Debtor** (MO)
(Urban Redevelopment Corporation)

**HLB Newspapers, Inc.** (MO)

**Lee's Summit Journal, Incorporated** (MO) *Lee's Summit Journal*

**Belton Publishing Company, Inc.** (MO)

**Cass County Publishing Company** (MO) *The Cass County Democrat Missourian*

**Nor-Tex Publishing, Inc.** (TX)

**Keltatim Publishing Company, Inc.** (KS) *The Olathe News*

**Mail Advertising Corporation** (TX)

**Star-Telegram, Inc.** (DE)
*La Estrella, Star-Telegram, Coupon Saver, Star Values*

**Quad County Publishing, Inc.** (IL)

100%



**Notes and Legend:**

**Note 1 – Similar to an LLC**

*Ownership is 100% unless otherwise noted*

| | |
|---|---|
| ☐ | Corporation |
| ☐ | LLC |
| ☐ | Partnership |
| ☐ | Redevelopment Company/Non-Debtor |

**(i)**

| Subsidiary | % Owned |
|---|---|
| The  Bradenton  Herald, Inc. | 1.235% |
| Gulf  Publishing Company, Inc. | 1.235% |
| The Charlotte Observer Publishing Company | 9.877% |
| Lexington  H-L Services, Inc. | 3.704% |
| Macon Telegraph Publishing Company | 2.469% |
| Columbus Ledger-Enquirer, Inc. | 1.235% |

| Subsidiary | % Owned |
|---|---|
| Nittany Printing and Publishing Company | 1.235% |
| The State Media Company | 4.938% |
| The Sun Publishing Company, Inc. | 1.235% |
| Pacific Northwest Publishing Company, Inc. | 2.469% |
| Wichita Eagle and Beacon Publishing Company, Inc. | 3.704% |

**A**

| Subsidiary | % Owned |
|---|---|
| McClatchy Big Valley, Inc. | 1.7% |
| East Coast Newspapers, Inc. | 5.3% |
| McClatchy Newspapers, Inc. | 60.9% |
| N & O Holdings, Inc. | 22.5% |
| Olympic-Cascade Publishing, Inc. | 0.7% |
| Tacoma News, Inc. | 8.9% |